## TURNER v. McILHANEY et al.

In an action against a partnership, and in order to prove that one of the defendants was a a partner, it is incompetent to ask a witness, whether, from what he saw, while working for the firm, and from the acts of the particular defendant during that time, he was a partner. It does not amount even to evidence of common report.

Common report can only be admissible, to prove a partnership; first, in corroboration, and, second, to prove knowledge of it, on the part of the plaintiff.

Defect of proof may be cured by testimony introduced by the adverse party.

A deposition of one of the defendants, introduced by plaintiff, on trial, may be introduced by the defendants on a new trial.

The party who calls on an adverse party to testify, makes him a witness. and waives his incompetency to be heard for himself or for his co-defendant, or co-plaintiff.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

This was an action upon two promissory notes, in which the plaintiff obtained judgment against all the defendants except the defendant Hooper, who had a verdict and judgment in his favor, from which the plaintiff appealed. The only question in the case, as between the plaintiff and Hooper, was, whether the latter was a member of the firm at the time the notes were executed.

On the trial in the Court below, the defendant Hooper, introduced a witness, to whom his counsel propounded this question:

"Please state, judging from what you saw on the ranch in one thousand eight hundred and fifty-three, whilst working for McIlhaney & Co., and from all Hooper's acts that year, whether the said Hooper was a partner in the firm of McIlhaney, Thomas & Co., or not."

To this question the plaintiff objected, on the ground that it was asking the witness to state the inference or conclusion he drew from certain facts, instead of stating the facts themselves.

The objection was overruled, the testimony admitted, and the plaintiff excepted, and this is one of the errors assigned.

The other error assigned is the admission of the deposition of Thomas, one of the defendants, introduced by the defence. The deposition had been taken by the plaintiff, and was read by him on the former trial of this cause. It was taken by consent, to be used on the trial, subject to all legal objections, as if taken upon an order of the Court, and upon due notice.

*Field,* for Appellant.

*First*—The Court below erred in allowing the witness Hubbs to state the inferences or conclusions he drew, as to Hooper's partnership in the firm of McIlhaney, Thomas & Co., from certain facts, instead of stating the facts themselves.

It certainly will not require any argument to establish the error of the Court, in its ruling on this point. The judgment of

the witness may have been unauthorized by the facts. This is not one of those cases where the opinion of a witness is admissible. The opinions of witnesses are admissible only when they relate to subjects of science or art, or to skill in some particular business.

*Second*—The Court, below erred in admitting .in evidence the deposition of Charles C. Thomas, one of the defendants. The deposition was objected to on the ground that Thomas was a party to the action, and that therefore his deposition was inadmissible, either for himself or his co-defendants, but the Court held that, under the four hundred and thirty-first section of the Practice Act, the deposition could be read, and it was accordingly read. The plaintiff excepted to the ruling of the Court. The desposition was taken under the following stipulation :

We consent that the following depositions of Edward McIlhaney and C. C. Thomas may be used and read, on the trial of the above action, subject to all legal objections, as if taken upon an order of Court, and upon due notice.

R. S. MESICK,
Plaintiff's Attorney.
ROWE & HAUN,
Edward Hooper's Attorney impleaded, etc.

The stipulation does not waive any objections to the admissibility of the deposition ; on the contrary, it expressly reserves " all legal objections."

Its language is, that it " may be used and read on the trial of the above action, subject to all legal objections, as if taken upon an order of Court, and upon due notice." The true meaning of the stipulation is this : that the deposition might be read on the trial, as if taken upon an order of the Court, provided there were no valid objections to its admissibility. It is similar in language to nearly all stipulations given when depositions are taken. The parties do not, at the time, undertake to decide upon their admissibility, but, reserving all objections, waive, for their mutual convenience, that which is mere matter of form.

Nor is there anything in section four hundred and thirty-one of the Practice Act, upon which the District Judge seemed to have based his ruling, that would justify the admission of the deposition, if otherwise inadmissible. That section reads thus :

" When a deposition has been once taken, it may be read in any stage of the same action or proceeding, by either party, and shall then be deemed the evidence of the party reading it."

The object of this section is, as it purports on its face to be, to enable a party to read a deposition, admissible in itself, once taken, in any stage of the same action or proceeding—not to render it admissible from the mere fact it has been once taken.

If the construction contended for were correct, it would be in the power of a party to introduce the testimony of any witness, however incompetent or interested, by simply taking it by deposition. The statute says, once taken, it may be read " by either party." Such a construction would break down all the rules of evidence applicable to oral testimony given in open Court, when applied to testimony taken by deposition, and would lead to manifest and manifold legal absurdities.

If this view of section four hundred and thirty-one be correct, then the only question for consideration is, whether the deposition of a defendant, taken by order of Court, is admissible for his co-defendants. On this question there can be no doubt, both upon principle and authority, that it is inadmissible.

The decision of this Court, in the case of Sparks v. Kohler, 8 Cal., 300, was based upon the four hundred and twenty-third section of the Practice Act of 1851, which was amended in 1854. See Session Laws of 1854, 67 ; Practice Act, § 392 ; 1 Greenleaf, §§ 329, 330 ; Gates v. Nash, April T., 1856 ; Wolf v. Fink, 1 .Barr Penn. R., 440 ; Bridges et al. v. Armour et al., 5 Howard U. S. R., 94 ; Supervisors of Chenango v. Birdsall, 4 Wend., 457 ; Fox et al. v. Administrator of Whiting, 16 Mass., 121.

But it may be urged that Hooper himself, when called on the stand, testified that he was once a member of the firm of McIlhaney, Thomas & Co., but was not a member at the time the notes sued upon were given, and that therefore the deposition of Thomas was immaterial. To this I answer :

1. That Thomas testified to much more than Hooper, which was material to the case.

2. That the jury may not have believed the testimony of Hooper, particularly as it was in direct contradiction, in one respect, with that of Thomas.

3. There was error, which entitles the appellant to a reversal, if illegal evidence was admitted, which bears in the least degree on the question in issue.

In Worrall v. Parmelee, 1 Comstock N. Y. R., 519, Chief Justice Jewett, in rendering the opinion of the Court of Appeals, says :

" There are many cases which hold that an error, in the Court below, which on its face, and by legal necessity, could do no injury, is not cause for a reversal of the judgment. But when the error is in the admission of illegal evidence which bears in the least degree on the question in issue, it cannot be disregarded."

. See, also, Marguand v. Webb, 16 Johnson, 90 ; Osgood v. President and Directors of the Manhattan Co., 3 Cowen, 612.

When a case comes up to this Court, on a statement made on appeal from a judgment, errors must be examined and determined, as upon a bill of exceptions. But when the case comes up on appeal from an order granting or refusing a new trial, it

is different.   In the latter case, the Court may disregard the er-
ronous ruling, as to the admissibility of the evidence, if the
facts would by such testimony have been proved or established
by other evidence,   The reason of this distinction is this : that
in the latter case, the motion for a new trial is addressed, in a
certain extent, to the discretion of the Court.   See Weeks *v.*
Lowerre, 8 Barbour N. Y. R., 530.

*Bryan & Filkins* for Respondents.
A partnership may be proven by common report or general
reputation.   2 Greenleaf, 483.
From the necessity of the thing, proof, by general reputation
of partnership, must be admitted.
But again, the plaintiff could not be injured by the admission
of the testimony, because he has failed, on his part, to prove
Hooper a copartner when the notes were given.
The *onus probandi* is on him to show that Hooper was a copart-
ner at the time.
This he failed to do, and he could, therefore, in no event, be
injured by the admission of the above question and answer.
The second point made by appellant's counsel is equally tame.
Page thirteen of record shows the fact that defendant, Hooper,
offered to read, and did read, a deposition of C. C. Thomas, a co-
defendant, which deposition was taken by plaintiff, on notice,
and which was read by plaintiff at a former trial of this cause—
the Court allowing the same to be read under the four hundred
and thirty-first section of the Practice Act.
This proceeding was entirely regular.   The plaintiff having
taken the deposition, and used it, certainly could not object to
our reading it for ourselves.   The object of that section was most
clearly to allow the very thing to be done which has been done.
It says so in language which cannot be mistaken.
The cases cited upon appellant's brief do not apply to this case,
the statute being our guide, and so plain and simple in its mean-
ing as to not allow of more than the one interpretation.   This,
then, is all that there is in the case.

BURNETT, J., after stating the facts in the case, delivered the
opinion of the Court—TERRY, C. J., concurring.
It is the general rule that a witness must state facts, and not
opinions, inferences, or conclusions.   The exceptions to this rule
are few, and relate mostly, if not entirely, to the opinion of ex-
perts in reference to questions of science and skill.   This, how-
ever, was not a case of that kind.
In answer to this point, the learned counsel for the defendant
Hooper, insist that such testimony is admissible to prove part-
nership.   " A partnership," they say, " may be proved by com-
mon report or general reputation."   2 Greenleaf, 483.

But the authority referred to does not sustain the position taken.   The learned author says :

"But evidence of general reputation, or common report, of the existence of a partnership, is not admissible, except in corroboration of previous testimony; unless it be to prove the fact that the partnership, otherwise shown to exist, was known to the plaintiff."

It will be seen that common report can only be admitted for two purposes : First, in corroboration; and, second, to show knowledge on the part of the plaintiff.   But in this case, the evidence was not offered for such a purpose, nor did the evidence itself relate to common report, but to the opinion or inference of the witness himself.

The question was improper at the time when put, but we think the error was cured by the testimony of the plaintiff in rebuttal, by which it was conclusively shown, by plaintiff's own witness, that Hooper was not a partner at the time the notes were given. It has often been held that a defect of proof may be supplied by the testimony introduced by the adverse party.   The same principle will cure the error committed by the introduction of improper testimony, when the party objecting himself afterwards introduces proper evidence, clearly establishing the same fact. The true rule seems to be this : that when the jury, *after excluding* the improper testimony, could not have properly found a different verdict—and if they had, the Court should have granted a new trial—then the party objecting to the testimony is not injured.

The next point raised by the counsel of plaintiff relates to the admission of the deposition of Thomas, one of the defendants. This deposition had been taken by the plaintiff, and by him read on a former trial of this case.   At the late trial, the deposition was read by the defendant, Hooper, and objected to by the plaintiff.

It was held by this Court, in the case of Gates and others *v.* Nash and others, April, 1856, and in the case of Lucas, Turner & Co. *v.* Payne & Dewey, January, 1857, that a plaintiff or defendant could not be permitted to testify on the part of his co-plaintiff, or defendant.

But the counsel for the defendant insists that after a deposition of one defendant has been taken by the plaintiff, then, under the four hundred and thirty-first section of the Practice Act, a co-defendant can read a deposition as evidence on his part.   That section provides that "when a deposition has been once taken, it may be read in any stage of the same action or proceeding by either party, and shall then be deemed the evidence of the party reading it."

We think the intention of this section is that which its language plainly expresses.   The defendant had the right to read the de-

position. If it were otherwise, and a party should be allowed to take the deposition of any one or more of the adverse parties, and read, if it suited him—and if it did not, then to exclude it from the other side—the result would be, that a party, plaintiff or defendant, could always be fishing for evidence from adverse parties, without incurring any responsibility or danger on his part. The party who calls upon an adverse party to testify, makes him a witness. By making him a witness, he waives his incompetency to be heard for himself, or for his co-defendant, or co-plaintiff.

Judgment affirmed.