## TERRITORY OF WYOMING *v.* CONLEY.

ACCESSORIES: INDICTMENT.—An indictment, in charging an accessory before the fact, should be as full, complete and specific as in charging a principal, and nothing needed should be embraced by words of reference to the preceding count charging the principal.

ERROR to the District Court of Uinta County.

The facts are stated in the opinion.

*H. Garbanati,* for plaintiff in error.

*W. W. Corlett,* for defendant in error.

SENER, C. J. This case is brought here by the prosecuting attorney of Uinta county, under sections 146, 147, 148 and 149 of the Criminal Laws of Wyoming, as found in the Compilation of 1876: these sections are quoted entire in the opinion I have read this day, in the case of the *Territory* v. *Andrew Nelson,* and so need not be repeated here. It seems that one Samuel Hart was indicted in that court for burglary, and that the defendant Conley was indicted as an accessory before the fact. The statute which defines the crime of burglary in Wyoming, is as follows: (Page 254, sec. 38, edition 1876.)

Sec. 38. "Every person who shall willfully and maliciously and forcibly break and enter, or willfully and maliciously without force (the door or any window being open), enter into any dwelling house, kitchen, office, shop, storehouse, warehouse, malt house, *stilling* house, banking house,

hotel, saloon, mill, pottery, factory, water craft, church or meeting house, railroad car, or any other close inclosure, with intent to commit murder, robbery, rape, mayhem, larceny, or other felony; or who, being lawfully within any room or apartment of any of the buildings aforesaid, shall, with like intent, either with or without force, enter into any other room or apartment of the same building, shall be deemed guilty of burglary, and upon conviction thereof, shall be punished by confinement in the penitentiary for a term not less than one year nor more than ten years."

The statute defining accessories, is as follows: (Compiled Laws of Wyoming, page 249, sec. 13.)

Sec. 13. "An accessory is he or she who stands by and aids, abets or assists, or who, not being present aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime. He or she who thus aids, abets or assists, advises or encourages, shall be deemed and considered as principal, and punished accordingly."

The indictment under which Hart was charged as principal and Conley as accessory, is as follows

"TERRITORY OF WYOMING, } *ss.*
    COUNTY OF UINTA.      }

At a term of the district court, begun and held at Evanston, within and for the county of Uinta, on the first day of July, in the year of our Lord one thousand eight hundred and seventy-eight, the jurors of the grand jury of the county of Uinta, good and lawful men then and there returned, tried, empanneled, sworn and charged to inquire within and for the body of the county of Uinta, at the term aforesaid, upon their oath aforesaid, in the name and by the authority of the Territory of Wyoming, do present and find that Samuel Hart, late of the county aforesaid, on the 16th day of January, in the year of our Lord one thousand eight hundred and seventy-eight, with force and arms at the county aforesaid, a certain close inclosure, known as a hand-car house of the Union Pacific Railroad Company,

there situate, then and there feloniously, willfully, maliciously, forcibly and burglariously did break and enter, with intent, then and there the goods and chattels of the said Union Pacific Railroad Company, then and there feloniously and burglariously to steal, take and carry away; and that he, the said Samuel Hart, in the said hand-car house, 3 shovels, 1 pick, 1 adze, 1 buggy bar, and 2 chisels, of the value of twelve dollars, of the goods and chattels of the Union Pacific Railroad Company in the said hand-car house then and there being found then and there burglariously did steal, take and carry away, and the jurors aforesaid, upon their oath aforesaid, do further present that C. A. Conley, late of the county aforesaid before the said burglary and larceny was committed in form aforesaid, to wit: on the said 16th day of January, 1878, with force and arms at the county aforesaid, did unlawfully and feloniously advise, encourage, counsel, aid, abet and procure the said Samuel Hart to do and commit the said burglary and larceny in manner and form aforesaid; against the peace and dignity of the Territory of Wyoming.

H. GARBANATI,

Prosecuting Attorney for said Uinta County."

The defendant Conley demurred to the indictment in the court below and the court held the indictment insufficient in law. The prosecuting attorney took exception to the court's ruling and has brought the case here properly. The court, after inspecting the record, thinks the questions raised ought to be passed upon, and proceeds to do so. The question raised was: was the indictment sufficient to charge Conley as accessory before the fact to the crime of burglary. We think it was not, and the court below acted properly in sustaining the demurrer which was interposed to it. In our opinion the indictment was defective, and so insufficient in law, for the following reasons:

1st.—In that it did not charge Conley as principal, either directly or by force of the statute making him a prin-

cipal. The case of *Baxter* v. *The People*, 3 Gilman (Ill.,) is, we think persuasively conclusive by its reasoning—the statute is almost "*totodem verbis*" our statute in regard to accessories; the only difference is that our statute has the words "hath advised and encouraged," while the Illinois statute has it "hath advised or encouraged," etc. The Illinois decision says that the words, "deemed and considered," are equivalent to saying, "are hereby declared to be;" we concur in the reasoning and results of that decision. The court there says, and we accept its declaration, that in indicting an accessory as principal, it would be advisable to describe the circumstances of the offense as they actually transpired, as it is in an indictment at or before the fact, but if the stating part be that way the conclusion should be for the actual offense of which the principal is charged, for that is really the offense of which the accessory is guilty, if at all.

2d.—It failed to charge the specific felony intended to be committed, or that any was committed by Conley. In burglary it is usual, and approved, to charge an actual larceny, because, if the testimony should fail to sustain the burglary, *i. e.,* the breaking and entering, the defendant may be held for simple larceny, and an indictment so charging has been held good, though on examination, the allegation is found defective. *Vide* 8 Cal., 579; *State* v. *Lockhart*, 24 Geo., 420; 2 Bishop's Criminal Procedure, 2d edition, secs. 142 and 143 and cases there cited.

3d.—The indictment as to Conley failed to charge that the property was feloniously taken. The burglarly is incomplete without the intent to commit larceny. To constitute larceny the intent must be felonious: all the authorities agree upon these points.

4th.—As to Conley the indictment failed to allege ownership of the "hand-car house." This is essential, 2 Bishop's Criminal Procedure, 2d edition, 137.

It was objected in the argument that the words, "hand-car house" could not be included in the words, "or any

other close enclosure." We think this objection not well taken, but we do think that in charging an accessory before the fact as principal and in the manner we have pointed out, that the court in the indictment so charging such accessory, should be as full, complete and specific as in charging the principal, and that nothing needed should be embraced by words of reference to the preceding count. An examination of the indictment in Conley's case shows that this was not done, but he was charged in vague and general terms as an accessory.

Such pleading is not only not permissible, but in criminal cases not only not justifiable, but not to be tolerated. We are therefore, for the reasons stated, clearly, of opinion that the court below, because of the defects stated in the count charging Conley as an accessory before the fact in the burglary alleged to have been committed by one Samuel Hart, acted properly in sustaining the demurrer interposed by the said Conley to the count in the indictment, which charged him as an accessory before the fact; because clearly the count charged no criminal offense in such legal form as the court upon a conviction could have rendered judgment, or as would have authorized a conviction of the said Conley as an accessory before the fact to the crime of burglary alleged to have been committed by the said Samuel Hart.

Judgment affirmed.

PECK, J. dissenting.