## STATE EX REL. GIBSON, AS PROSECUTING ATTORNEY v. CORNWELL.

CRIMINAL PROCEDURE—EXCEPTIONS BY PROSECUTING ATTORNEY—
APPEAL AND ERROR—JURISDICTION—TITLE—BILL OF EXCEPTIONS—
ATTORNEY GENERAL.

1. Under the statute (R. S. 1899, Secs. 5378-5381) authorizing the prosecuting attorney, in a criminal case, to take exceptions to any ruling of the court, and to file in the Supreme Court, upon obtaining its permission to do so, a bill containing such exceptions, for a decision upon the questions thereby presented which shall govern in similar pending and future cases, but shall not affect the judgment in the case wherein the exceptions were taken, the jurisdiction of the Supreme Court is invoked, to the extent and for the purpose explained in the statute, through the filing of the bill of exceptions; and a petition in error is neither necessary nor proper in such a proceeding.

2. In a proceeding in the Supreme Court upon a bill of exceptions in a criminal case taken and filed by the prosecuting attorney, for a decision upon the questions thereby presented, pursuant to statute (R. S. 1899, Secs. 5378-5381), the case should bear the same title as in the lower court.

3. In such a proceeding under the statute aforesaid, the issuance of a summons in error is not required, since it is not a proceeding to vacate, reverse, modify, or otherwise affect the judgment in the cause wherein the exceptions were taken.

4. In a proceeding in the Supreme Court, under the statute, upon exceptions of the prosecuting attorney in a criminal case, the bill of exceptions taken and filed by that officer serves not only to preserve matters in the record, which would not otherwise constitute part of the record, but it is the basis of the jurisdiction of the Supreme Court in the premises, and, therefore, it is necessary in such a case that the exceptions shall be contained in a bill, although the ruling excepted to would appear on the record independent of a bill, such as an order sustaining a demurrer to the information.

5. The Supreme Court is without authority to decide any question arising upon exceptions of the prosecuting attorney in a criminal case, without a bill of exceptions containing the same, taken and filed as prescribed by statute;

and, though the exceptions would otherwise appear on the record, they must be embraced in a bill taken by the prosecuting attorney, as a basis for a decision of the Supreme Court upon the questions thereby presented.

6. Since the statute requires that a bill of exceptions taken by the prosecuting attorney in a criminal case shall be both signed and sealed by the court, a bill which is not sealed is ineffective to confer jurisdiction upon the Supreme Court to consider and determine the questions presented by the alleged exceptions

7. A proceeding in the Supreme Court instituted by the prosecuting attorney upon exceptions taken by him in a criminal case, for a decision, as provided by statute, upon the questions presented by such exceptions, is a criminal case, within the meaning of the statute requiring the Attorney General to represent the State in the Supreme Court in all criminal cases; and it is the right and duty of that officer to appear for the State in such a proceeding.

[Decided June 12, 1906.]                    (85 Pac., 977.)

EXCEPTIONS by prosecuting attorney to rulings in a criminal case, in the District Court, Albany County; HON. CHARLES E. CARPENTER, Judge

Heard on motion to strike the bill of exceptions, and petition in error, and to dismiss the cause.

*H. V. S. Groesbeck,* for the motions to strike the bill and dismiss the cause.

This proceeding has been treated by the prosecuting attorney as demanding the filing of a petition in error. The statute requires that in *all* criminal cases proceedings to reverse, or modify the judgment must be commenced by petition in error in the same manner as in civil cases. (Sess. L. 1901, Ch. 63, amending Sec. 5422, Rev Stat.) A summons in error is required in all civil cases on error unless waived. (Rev. Stat., Sec. 4251.) And such process issues upon the written precipe of plaintiff in error or his attorney. (Rev. Stat., Sec. 4252.) No summons in error having been issued, and the time having elapsed therefor,

the proceedings should be dismissed.    (Hester v. Smith, 5 Wyo., 291.)

The notice to the trial judge of the prosecutor's intention to file his bill of exceptions with the Supreme Court is fatally defective, in that it refers to the decision complained of as having been made by this (Supreme) Court, instead of the District Court of Albany County; and moreover it erroneously states the date of the decision.    The notice is jurisdictional and cannot be amended.

The petition in error is defective in that the venue is laid in the County of Albany, and in the District Court of the Second Judicial District, instead of in the Supreme Court.    The defect is fatal to the jurisdiction.

No brief was filed in support of the exceptions until long after the expiration of the time allowed therefor, and the permission to file the same was not granted until the time allowed for filing brief had long expired.    For that reason the cause should be dismissed.    It will not do to say that notwithstanding the laches of the proper officers of the state, charged with the prosecution or oversight of such matters, the court, or any of its justices, can extend this time, after the expiration of the time allowed by the rule, which has the force of a statute.    This court has no such power, and certainly never could exercise it without notice to the adverse party.    It seems to be admitted, although we do not concede this assumption, that the Attorney General alone has the supervision of this matter, that claim being based, probably, upon the provisions of Section 99 of the Revised Statutes, which, *inter alia,* provides that the Attorney General "shall represent the state in all criminal cases in the Supreme Court."    If the authority of the Attorney General is not conferred by this clause or provision, we take it, that he has no right whatever to appear in this cause.    We insist that as this court remarked in the case of Sheehan v. First Macy Ditch Company, 12 Wyo., 176, 177: "There is, therefore, nothing for the court to do but dismiss the cause."    See also Robertson v. Shorow, 10 Wyo., 368.

The brief was filed by the Attorney General. We contend that he has no right to appear in such a proceeding as this, which is specially provided for by statute, and makes no provision for the appearance of any other officer than the prosecuting attorney in support of the exceptions.

But the court ought not to be compelled to pass upon the questions presented by the bill in any event. The statute authorizing the proceeding is of doubtful constitutionality. It was adopted long before statehood, and the adoption of the present constitution; and its provisions are repugnant to that instrument, particularly the provisions thereof defining the jurisdiction of this court. The statute formerly existing allowing questions to be reserved by a District Court for the decision of this court has been so amended as now to permit of none but constitutional questions to be so reserved; which, in effect, impliedly repeals the sections authorizing the proceeding attempted in this case.

Where evidence was submitted to the court below, and formed the basis of its decision, whether on demurrer or trial, and the consideration of the same is necessary to a determination of the cause, it must be incorporated in the bill of exceptions. (Groves v. Groves, 9 Wyo., 172; Underwood v. David, id., 178.) In this case the legislative journals were read in evidence upon the question of the validity of the act under which the prosecution was brought, but the same are not incorporated in the bill.

The prosecuting attorney waived his right to except to the ruling upon the demurrer, because it appears from the pretended bill of exceptions, directly following the order of the court overruling the demurrer, and giving said prosecuting attorney time within which to prepare and present his exceptions to the court or judge for allowance, that said prosecuting attorney then and there excepted to such ruling of the court, including the giving and allowing time to prepare and present his exceptions.

The law requires that the bill containing the exceptions shall be signed *"and sealed"* by the court. (Rev. Stat.,

Sec. 5378.) Neither the private seal of the judge nor the seal of the court nor any seal whatever appears to the bill of exceptions. This requirement of the law is just as imperative and mandatory as the provision requiring the bill to be *signed*. The absence of the seal is fatal to the bill. It is absolutely necessary to have a bill of exceptions in cases like the one at bar, to have it signed and sealed by the court, to have it by order of this court filed, if the law is yet in force. There does not appear to be any journal entry in the transcript of these proceedings in the District Court for Albany County, Wyoming, that would aid, amend or cure in any manner these fatal omissions found in the pretended bill of exceptions.

The pretended bill is not authenticated or identified in any manner by the clerk of the District Court. It is not included in the original papers and journal entries. It is not therefore entitled to consideration. (Hogan v. Peterson, 8 Wyo., 549; Moyer v. Preston, 6 id., 308; Board v. Shaffner, 10 id., 181.)

*W. E. Mullen,* Attorney General, *Contra.*

The action of counsel appointed to argue in opposition to the exceptions in this cause in filing the motions to strike the bill and dismiss the cause amounted to a general appearance in this court. It is well settled that any action on the part of a defendant which has for its purpose anything more than an exception to the jurisdiction, or which recognizes the case as being in court, amounts to a general appearance. (Honeycutt v. Nyquist (Wyo.), 74 Pac., 92; 2 Ency. Pl. & Pr., 632; 3 Cyc., 504.) It was the undoubted intention of the Legislature by the statute authorizing the proceeding instituted here to provide a plain, speedy and effective method of securing a review of exceptions taken to rulings made by trial courts in criminal cases on the part of the prosecution, for the purpose of settling questions of law, that might govern in future cases of the same character. The decision of this court could not in any manner

affect the rights of the defendant Bailey Cornwell, and it is difficult to understand why he should be interested in this proceeding. The statute has not been repealed.

It is true that subsequent legislation has been enacted on the subject of appeals in criminal cases, whereby a defendant who has been tried upon a criminal charge may if dissatisfied with the result of his trial in the District Court secure a review of the case in this court, by proceedings in error, but these provisions will be found upon a careful examination thereof to be in no-wise in contravention of the law here under discussion. Repeals by implication are not favored and to operate as such it must be a necessary implication. The two statutes must be positively repugnant, or there is no repeal. If they can stand and both have effect they must be allowed to do so. (Standard Cattle Co. v. Baird, 8 Wyo., 144.) There is no other provision whereby the state may secure a review of rulings made by a District Court, other than the provision of the statutes under which this appeal was brought. The two methods of procedure, the one designed for the relief of a defendant, and the other for the benefit of the state in order to secure an interpretation of its criminal statutes when deemed advisable in the court of last resort for the purpose of settling such questions as might arise in a trial of criminal cases. Each has a separate, distinct and independent purpose.

In the present case the necessity of a bill of exceptions is not quite apparent. The case was disposed of below by a ruling made upon a demurrer filed to the information and the appeal is virtually taken on the record, that is, on the information, demurrer and order of the court sustaining the demurrer, which are really all the papers that are necessary for a full determination of the case by this court. (Board v. Shaffner, 10 Wyo., 181.) The introduction of evidence in support of a demurrer is not permitted by the practice of this jurisdiction. It is immaterial whether the transcripts of the journals of the Territorial Legislatures

which are referred to in the motion and brief of counsel were preserved in the bill of exceptions or not. This court will consult the official journals of the House and Senate as evidence on any principle prescribed by the constitution for the passage of laws. (State ex rel. Hynds, 12 Wyo., 265.)

Objection is made to any appearance by the Attorney General in a case of this character and it is argued that Section 5379, R. S., expressly provides that the prosecuting attorney shall argue such cases in the Supreme Court. The truth is that Sections 5378 to 5381 inclusive· were enacted by the Territorial Legislature at a time long prior to the creation of the office of Attorney General. (Ch. 14 & 60, S. L. 1876.) The office of Attorney General was created by the Territorial Legislature of 1886 and the duties of the office there prescribed were of a limited character. (Ch. 38, S. L. 1886; Secs. 1679 to 1685 inclusive, R. S. 1887.) The Legislature of 1889 repealed all existing laws affecting the office of Attorney General and by a new enactment re-created the office with enlarged powers and duties. By the latter law it was provided that the Attorney General should prosecute and defend all suits that might be instituted by or against the state the prosecution or defense of which was not otherwise provided for by law. This provision must be read and considered in connection with Section 5379 *supra*, and when so read will be found to materially affect the section last cited.

Counsel places considerable emphasis upon the fact that some delay has occurred in the prosecution of this appeal. The defendant Cornwell certainly has no ground for complaint as the result of the appeal cannot possibly affect him. The District Court cannot be prejudiced by any slight delay that has occurred in presenting the question here. Counsel appointed by the District Court to argue the case here has no other interest in the controversy save as that of an attorney employed for a certain purpose. This court has patiently extended the time for filing briefs. As a matter of fact the state is the party interested in having the question

settled.   Changes in the personnel of the office of prose-
cuting attorney as well as in the office of Attorney General
have operated to cause a slight delay, it is true, in getting
this case ready for argument.   As counsel really asks in
the motion that the decision of this court be delayed for an
indefinite period his objections made to the short delay that
has already occurred do not appear to be altogether con-
sistent.

There is no provision made for the service of notice on
the Attorney General of the pendency of cases of this
character.   However, when the attention of the Attorney
General's office is called to the fact that a case involving
the validity of an important criminal statute is pending here
on appeal, it would seem to be the duty of that officer under
the law as it now stands to enter an appearance and sup-
port in so far as possible the statute assailed.

POTTER, CHIEF JUSTICE.

This is a proceeding brought in this court for the deter-
mination of certain questions arising upon a bill of excep-
tions taken by the County and Prosecuting Attorney of
Albany County in a criminal case heard and determined in
the District Court of that County, wherein one Bailey Corn-
well was defendant.   The authority for such a proceeding
in this court is found in Sections 5378 to 5381 of the Re-
vised Statutes of 1899, which read as follows:

"Sec. 5378.   The prosecuting attorney may take excep-
tions to any opinion or decision of the court during the
prosecution of the cause; and the bill containing the excep-
tions upon being presented shall; if it be conformable to the
truth, be signed and sealed by the court, which shall be
made a part of the record, and be in all respects gov-
erned by the rules established as to bills of exceptions in
civil cases, except as herein provided."

"Sec. 5379.   The prosecuting attorney may present such
bill of exceptions to the Supreme Court and apply for per-
mission to file it with the clerk thereof, for the decision of

such court upon the points presented therein; but prior thereto he shall .give reasonable notice to the judge who presided at the trial in which the bill was taken, of his purpose to make such an application, and if the Supreme Court shall allow such bill to be filed, such judge shall appoint some competent attorney to argue the case against the prosecuting attorney, which attorney shall receive for his service a fee not exceeding one hundred dollars, to be fixed by such court, and to be paid out of the treasury of the county in which the bill was taken."

"Sec. 5380.   If the Supreme Court shall be of the opinion that the questions presented should be decided upon, they shall allow the bill of exceptions to be filed and render a decision thereon."

"Sec. 5381.   The judgment of the court in the case in which the bill was taken shall not be reversed nor in any manner affected, but the decision of the Supreme Court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may afterwards arise in the state."

The application for permission to file the bill was filed in this court on December 28, 1904, by Thomas H. Gibson, the then prosecuting attorney for Albany County, who had, in that capacity, taken the exceptions and procured the bill. Said application was granted by this court on December 29, 1904, and the bill was filed on that date with the clerk of this court.   At the same time and in the same proceeding the prosecuting attorney filed a petition in error, and an application for an order directing the clerk of the District Court to transmit the original papers in the cause wherein the bill of exceptions was taken, together with a transcript of the journal entries.   The order for such papers and transcript was thereupon issued by the clerk of this court, and in response thereto said papers and transcript were transmitted, and were filed in this proceeding January 12, 1905.   The original papers so transmitted seem to contain all the papers filed in the cause in the District Court.

excepting the bill of exceptions aforesaid, which had been previously presented to the court and filed with the clerk, as above stated.

The transcript of the journal entries exhibits an order of January 4, 1905, entered by the judge who presided at the trial in the District Court, reciting the fact of service upon said judge of a notice of the purpose of the prosecuting attorney to apply to the Supreme Court for permission to file his bill of exceptions, and the fact that the Supreme Court had allowed the bill to be filed and had so notified said judge, and thereupon appointing H. V. S. Groesbeck to argue said cause in the Supreme Court against the prosecuting attorney, and fixing his fee for such service.

Briefs in support of the exceptions were filed by the Attorney General November 17, 1905. Thereafter counsel who had been appointed to argue in opposition thereto filed a motion to strike the petition in error and the bill of exceptions from the files, and to dismiss the cause in this court, on several grounds. The hearing was had upon that motion. It will be unnecessary to consider any of the grounds of the motion relating particularly to the petition in error, for the reason that, upon what we conceive to be a more substantial ground than any specifically suggested in the motion, the petition in error should be stricken from the files. In the statute above quoted providing for a proceeding of this character there is no provision or authority for filing such a paper or pleading, nor is authority therefor to be found in any other statute applicable to such proceeding. To the extent and for the purpose explained in the statute, the jurisdiction of this court is invoked through the filing of the bill of exceptions; and a petition in error is neither necessary nor proper. The statute under which this proceeding was instituted was enacted when Wyoming was a territory, and a reference to the record in the two reported cases decided pursuant to its provisions by the Supreme Court of the territory discloses that a petition in error was not then deemed essential to the court's juris-

diction in such a proceeding. (Territory v. Conley, 2 Wyo., 324; Territory v. Nelson, 2 Wyo., 329.) A petition in error was not filed in either of those cases. And it appears that the court assumed jurisdiction upon the filing of the bill.

As the statute stood with reference to criminal appeals at the time of the revision of 1899, it was provided that in all criminal cases, within one year after the rendition of final judgment, writs of error, on good cause shown, might be allowed by the Supreme Court or any justice thereof *on the application of the defendant.* (R. S. 1899, Sec. 5422.) There existed no provision for a writ of error on the application of the state or a prosecuting officer. Section 5422 was amended in 1901, so that it now provides that in all criminal cases after final judgment, and within one year after the rendition of the judgment, proceedings to vacate, modify, or annul such judgment, may be begun in the Supreme Court by petition in error in the same manner as is provided for taking civil cases to that court. (Laws 1901, Ch. 63, Sec. 1.) That is the only provision or authority for a petition in error in criminal cases; and it is authorized only in a proceeding to vacate, modify, or annul the final judgment. The statute under which the present proceeding is brought expressly declares that the judgment shall not be reversed nor in any manner affected, but that the decision upon the questions presented in such a proceeding shall determine the law to govern in any similar case which may be pending at the time or may afterwards arise. No provision is made by this or any other statute for an appeal by the state, or any other proceeding on behalf of the state, to vacate, or modify the judgment rendered in a criminal case. The statute in question very clearly sets forth its purpose and defines the power and jurisdiction of the court in the premises.

No doubt the petition in error was filed more out of abundant caution than from a belief in its necessity; but the title given to the cause in this court would seem to indicate some misconception of the character of the proceed-

ing.   In the petition in error, as well as the other papers, including the notice to the District Judge of the purpose of the prosecuting attorney to apply for leave to file the bill of exceptions, the case is entitled as follows:  "The State ex rel. Thomas H. Gibson, County and Prosecuting Attorney for Albany County, Wyoming, *Plaintiff in Error,* v. Bailey Cornwell, *Defendant in Error.*"   It was improper so to entitle the case in this court.   In the case at bar the District Court sustained a demurrer to the information on the ground that the act charged was not a crime under the laws of this state, and the defendant was thereupon discharged.   It is clear that the case was settled so far as the defendant is concerned, and that no decision or order of this court in the proceeding could reinstate the case, so as to require the defendant to again answer to the same information, even if we should come to a different conclusion from that announced by the learned District Judge.   The necessity therefore of bringing the defendant into this court in this proceeding by a petition in error, or by any process ordinarily issued upon such a petition is not perceived.   The statute proceeds upon the theory that it is not necessary, and provides for the appointment of counsel at public expense to oppose the exceptions in this court.   While the District Judge may appoint as such counsel the attorney who represented the defendant in the District Court, it is clear that he is not required to do so.   We think it evident that in this court the case should bear the same title as that borne by the bill of exceptions, which of necessity will be the title by which the cause was known in the District Court; and in previous cases under this statute that practice has been followed.   (Terr'y. v. Conley, *supra;* Terr'y. v. Nelson, *supra;* State v. Boulter, 5 Wyo., 236.)   Upon the ground, therefore, that it is not a necessary or proper paper in this proceeding, the petition in error will be stricken from the files. It follows from what has been said that the failure to have a summons in error issued does not constitute a defect in the proceedings.   The issuance of such process is not required.

The principal objection urged to the bill of exceptions is that the bill is not sealed as required by Section 5378, and we think the objection is well taken. The preceding section authorizing a defendant in a criminal case to make his exceptions matter of record by bill originally required such bill to be both signed and sealed by the court, but it was amended in 1890 in that respect so that since then a defendant's bill has been required to be only signed by the judge; the provision as to sealing being eliminated. (R. S. 1887, Sec. 3306; R. S. 1899, Sec. 5577.)

No change in this particular, however, has been made in the provisions of the statute relating to a bill taken by the prosecuting attorney; and we possess no authority to make such a change. It is unnecessary perhaps to suggest that without this, or a similar statute, there would exist no substantial reason for the taking of a bill of exceptions by a prosecuting officer, there being no other law allowing an appeal by the state in criminal cases. It is only upon a compliance with the provisions of the statute in question that this court obtains jurisdiction to review any ruling of the District Court adverse to the state in criminal prosecutions. It is essential to our jurisdiction therefore, in such a case, that the bill be taken and authenticated, substantially at least, in the manner required by the statute. The bill before us is not sealed, and, for that reason, it is in our opinion ineffective to confer jurisdiction upon this court to consider and determine the questions presented by the alleged exceptions. We should be as certain of our jurisdiction in a case of this character as in any other, for, although the judgment in the particular case could not be affected, our decision upon the questions presented would, by express authority of the statute, govern in similar cases pending at the time thereof or afterwards arising.

In this connection, the Attorney General suggests that, as the exception involved was taken to the ruling of the court sustaining a demurrer to the information, it was a matter of record without a bill. But it is obvious, we think, that the

bill in a case like this not only serves to preserve in the record matters which otherwise would not be in the record, but it is the basis of the jurisdiction of this court.   It is not perceived that we would have authority to decide any question arising upon exceptions of the prosecuting attorney in a criminal case, without a bill of exceptions containing the same, taken and filed as prescribed by the statute.   In the concurring opinion in the case of Territory v. Nelson, *supra,* Mr. Justice Peck expressed a doubt whether exceptions not ordinarily appropriate to or presentable by a bill, could be reviewed at all by the Supreme Court under this statute. That learned judge was clearly of the opinion that the right of review depended upon a bill duly allowed and filed, and that without a bill there would be no jurisdiction.   In view, however, of the double purpose of the bill, we are inclined to the opinion that though the exceptions would otherwise appear on the record, they may be embraced in a bill taken by the prosecuting attorney in criminal cases, as a basis for a decision by this court upon the questions thereby presented pursuant to the statutory provisions aforesaid.   The bill must be stricken from the files.   The result is that nothing is left for our consideration, and the cause mus. therefore be dismissed.   It is unnecessary perhaps to consider the other grounds urged in support of the motion; but we deem it advisable and not improper to state our opinion respecting the contention made in support of the motion to dismiss that it is not the duty or right of the Attorney General to represent the state in this kind of proceeding.   The point was urged in connection with the objection that the rules had not been complied with as to the filing of briefs on behalf of the plaintiff.

The office of Attorney General had not been created at the time of the enactment of the statute above quoted authorizing this proceeding, but it was then the duty of the County and Prosecuting Attorney to appear for the state in the Supreme Court in all criminal appeals.   The later act which provided for the office of Attorney General requires that

officer to represent the state in all criminal cases in this court. (Rev. Stat of 1899, Sec. 99.) A case brought here upon exceptions of the prosecuting attorney is unquestionably we think a criminal case within the meaning of the statute defining the duties of the Attorney General, and it is our opinion that it was not only the right, but the duty, of such officer to appear in this court in such a proceeding on behalf of the state. Though the judgment in the court below is not to be affected, the case, at least for the purposes set forth in the statute, continues, and the decision may not only affect many other pending cases, but must govern in future cases of like character; and it is evident that the state is not only a party to the case itself, but is directly interested in the result in this court. Because of the defect in the bill of exceptions above set out we are constrained to dismiss the cause.

BEARD, J., and SCOTT, J., concur.