**STATE of Wyoming, Appellant**
(Plaintiff below),

v.

**John H. BENALES, Appellee**
(Defendant below).

No. 2989.

Supreme Court of Wyoming.
Oct. 30, 1961.

Norman B. Gray, Atty. Gen., W. M. Haight, Deputy Atty. Gen., and Lowell O. Stephens, Asst. Atty. Gen., for appellant.

Thomas J. Fagan, of Fagan & Fagan, Casper, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

PER CURIAM.

On June 6, 1958 an information was filed in district court against the defendant charging him with the crime of grand larceny. Proceedings were commenced against him before a justice of the peace on November 29, 1958 charging him with the same crime of grand larceny and in addition with being an habitual criminal. Upon the motion of the county and prosecuting attorney, the original information was dismissed on December 1, 1958 in order that the state might proceed with its election to prosecute for the crime of grand larceny and in addition to declare under the habitual criminal act.

A new information was not actually filed until March 30, 1960. However, defendant was at all times prior to that either incarcerated or under bond. On April 4, 1960, he moved for dismissal of the charge against him claiming that the crime charged was the same as had been charged in the original information, and that since the filing of the first information, three terms of court had elapsed without the state bringing him to trial. The defendant's motion for dismissal was based upon the constitutional guarantee of a speedy trial under Wyoming Constitution, art. 1, § 10, and § 7–235, W.S.1957.

The motion was granted and an order was entered dismissing the information. Whereupon, the state undertook to appeal to this court, proceeding as in a civil case under the Wyoming Rules of Civil Procedure.

The procedure for appeal by the state to the supreme court in criminal cases is set out in §§ 7–288 to 7–291, inclusive, W.S. 1957. In § 7–288, provisions are made for the prosecuting attorney to take exceptions to any opinion or decision of the court during the prosecution of a cause and to make a bill containing the exceptions. Section 7–291 specifies:

"The judgment of the court in the case in which the bill was taken shall not be reversed nor in any manner affected, but the decision of the supreme court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may afterwards arise in the state."

Even if the requirement of adherence to procedural steps outlined in §§ 7–288 to 7–291 were relaxed, the state in this appeal has not purported to have acted under the provisions of the mentioned sections but has brought a direct appeal and insists that the order of the trial court dismissing the defendant should be reversed and the cause remanded. This view is incorrect for, as pointed out in State v. Ginther, 53 Wyo. 17, 77 P.2d 803, 807, "the prosecution in a criminal case in this state is given by statute no method of review of adverse rulings except through the medium indicated in the four above cited sections [now §§ 7–288 to 7–291, W.S.1957], with the limitations there imposed."

The state might here have elected to proceed under the mentioned sections to secure the limited rulings which these permit. This was not done, and the appeal must be dismissed.

Appeal dismissed.