Adolph Frances WHITEPLUME,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–212.

Supreme Court of Wyoming.

May 24, 1994.

Rehearing Denied June 15, 1994.

Public Defender Program: Leonard D. Munker, State Public Defender; Deborah Cornia, Appellate Counsel; and Tim Newcomb of Grant & Newcomb, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Michael Pauling, Sr. Asst. Atty. Gen., William J. Flynn, Asst. Atty. Gen., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN, and TAYLOR, JJ.

GOLDEN, Justice.

Appellant Adolph Francis Whiteplume brings this appeal pursuant to a conditional plea agreement.[1] Appellant was originally convicted of first-degree sexual assault on June 21, 1991. On November 10, 1992, this court, holding that the testimony of the investigating police officer improperly vouched for the victim's credibility, issued an opinion reversing appellant's conviction and remanding for a new trial. *Whiteplume v. State*, 841 P.2d 1332 (Wyo.1992). Upon remand, in addition to refiling the first-degree sexual assault charge, the state filed a kidnapping charge. Appellant appeals the district court's denial of his motion to dismiss the kidnapping charge for abuse of process.

We affirm.

## ISSUES

Appellant presents the following issue for our review:

When the Wyoming Supreme Court reverses and remands a case for re-trial, do due process, double jeopardy and separation of powers principles limit re-trial of the accused to those issues remanded unless there is new evidence or intervening case law following the mandate?

The state rephrases the issue as:

Prosecutorial vindictiveness was not involved in the decision to refile a kidnapping charge against Whiteplume.

## FACTS

On October 15, 1990, the state filed a criminal complaint charging appellant with one count of first-degree sexual assault. The charges arose from activities involving appellant and the alleged victim in the late night hours of October 12, 1990, and the early morning hours of October 13, 1990. *See Whiteplume*, 841 P.2d at 1333. On November 2, 1990, following a preliminary hearing, appellant was bound over for trial on the first-degree sexual assault count. Appellant's trial date was set for February 25, 1991.

On January 29, 1991, the prosecutor decided to charge appellant with two additional counts stemming from the allegations of Oc-

---

1. **Rule 11. Pleas.**

 (a) *Alternatives.*

 (2) Conditional Pleas.—With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

 Wyo.R.Crim.P. 11(a)(2).

tober 13, 1990. Those charges included an additional count of first-degree sexual assault and one count of kidnapping. On February 8, 1991, following a preliminary hearing on the two additional charges, appellant was bound over on the additional first-degree sexual assault charge, but not on the kidnapping charge. The county court judge, concerned with whether the act of kidnapping, distinct and separate from the sexual assault, occurred, did, however, invite the state to refile and bring appellant back for a new preliminary hearing on the kidnapping charge. The state did not refile the kidnapping charge.

The two first-degree sexual assault charges were consolidated, and appellant went to trial on June 18, 1991. Appellant was convicted of one count of first-degree sexual assault; the other sexual assault charge was dismissed.

Appellant appealed his conviction, and this court reversed, holding that the testimony of the investigating police officer improperly vouched for the victim's credibility. Upon remand, the state refiled both the first-degree sexual assault charge and the kidnapping charge on which the county court had initially refused to bind over appellant.

Appellant was bound over on both counts and moved to dismiss the kidnapping charge for abuse of process. The district court denied appellant's motion to dismiss. Appellant entered into a conditional plea agreement with the state whereby he pled *nolo contendere* to one count of second-degree sexual assault, carrying a sentence of three to five years, in exchange for the state's dismissal of the first-degree sexual assault count and the kidnapping count. Appellant conditioned his plea on his right to appeal the district court's denial of his motion to dismiss the kidnapping count for abuse of process.

## DISCUSSION

Appellant contends the district court erred when it denied his motion to dismiss the kidnapping charge because the addition of the charge following his successful appeal constituted vindictive prosecution and violated separation of powers principles.

## 1. Vindictive Prosecution

 Vindictive prosecution, or the "imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal" violates due process of law. *Blackledge v. Perry*, 417 U.S. 21, 25, 94 S.Ct. 2098, 2101, 40 L.Ed.2d 628, 633 (1974) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656, 668–69 (1969)). In analyzing claims of vindictive prosecution, we begin with the premise that charging decisions rest within the discretion of the prosecutor, *DeSpain v. State*, 865 P.2d 584, 591 (Wyo.1993); *Derksen v. State*, 845 P.2d 1383, 1388 (Wyo.1993), and a prosecutor is presumed to have acted in good faith and for reasons of sound governmental policy in filing criminal charges. *United States v. Saade*, 652 F.2d 1126, 1135 (1st Cir.1981); *see also Billis v. State*, 800 P.2d 401, 419–21 (Wyo.1990). "A charging decision is not improper unless it results solely from the defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution." *Phillips v. State*, 835 P.2d 1062, 1070 (Wyo. 1992); *United States v. Goodwin*, 457 U.S. 368, 380, 102 S.Ct. 2485, 2492 n. 11, 73 L.Ed.2d 74, 84–85 (1982).

 This court has held that a vindictive motive will be presumed if the government responds to a defendant's exercise of a legal right in a manner which punishes him for exercising the right. *Phillips*, 835 P.2d at 1070; *Goodwin*, 457 U.S. at 373–74, 102 S.Ct. at 2488–89, 73 L.Ed.2d at 80–81.

> The presumption arises when the government acts by imposing increased charges, such as changing a charge from a misdemeanor to a felony or subjecting him to the possibility of greater sentence or in some other way "upping the ante."

*Phillips*, 835 P.2d at 1070 (citing *Blackledge*, 417 U.S. at 28, 94 S.Ct. at 2102–03, 40 L.Ed.2d at 634; *Pearce*, 395 U.S. at 723–24, 89 S.Ct. at 2079–80, 23 L.Ed.2d at 668). Requiring the actor to take responsibility for each criminal act in the episode, following successful appeal, does not constitute vindictive prosecution. *Phillips*, 835 P.2d at 1070;

*Osborn v. State*, 806 P.2d 259, 264–65 (Wyo. 1991).

Appellant cites to *Blackledge*, 417 U.S. at 28, 94 S.Ct. at 2102, 40 L.Ed.2d at 634, for the proposition that even the appearance of retaliatory prosecution violates due process. While the *Blackledge* Court did hold that due process requires that a person convicted of an offense must be able to pursue his right to an appeal without apprehension that a more serious charge will be imposed upon remand, it also noted that "the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.'" *Blackledge*, 417 U.S. at 27, 94 S.Ct. at 2102, 40 L.Ed.2d at 634.

■ We agree with the method adopted by the Tenth Circuit Court of Appeals for reviewing claims of vindictive prosecution:

A defendant has the burden of proof and must establish either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness. Thereafter, the burden shifts to the prosecution to justify its decision with legitimate, articulable, objective reasons. If the defendant does not meet his burden of proof, however, the district court need not reach the government justification issue.

*United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir.1991) (citations omitted). Thus, in determining whether there exists a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness, we look beyond the subjective appearance and ask whether, "as a practical matter, there is a realistic likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." *Raymer*, 941 F.2d at 1042 (citation omitted). We will find no vindictiveness if the prosecutor's decision is based upon factors ordinarily considered in determining the charges to pursue, rather than in retaliation for the defendant's exercise of legal or constitutional rights. *Raymer*, 941 F.2d at 1042.

■ Appellant argues that the state's decision to refile the kidnapping charge only after appellant successfully exercised his right to appeal his sexual assault conviction creates the appearance of vindictiveness. Appellant has presented no evidence of actual vindictiveness, but rather argues that the absence of new evidence or intervening case law to support the additional, more severe charge gives rise to a presumption of vindictiveness.

■ We agree that under these circumstances, noting the absence of new evidence or intervening case law to support the increased charge, a presumption of vindictiveness does exist. However, the state has met its burden, under the *Raymer* analysis, of justifying its decision to add the kidnapping charge upon remand. We find the state has provided legitimate, articulable and objective reasons justifying its decision to delay the refiling of the kidnapping charge until after appellant's successful appeal.

The state points out that at the time it was initially invited to refile the kidnapping charge, the prosecutor was concerned with possible violations of appellant's right to a speedy trial. These concerns were confirmed by appellant's motion to dismiss for failure to provide a speedy trial and his later appeal on the same issue, although in both instances his arguments were rejected. The speedy trial concerns created the possibility that the refiled kidnapping charge would have to be tried separately from the two sexual assault charges on which the speedy trial clock was already ticking. The prosecutor chose not to pursue the kidnapping charge through a separate trial because of the expense and extra drain on prosecutorial resources, as well as the additional trauma the victim might experience. We have commented that these are the types of factors which may, and should, influence a prosecutor's decision to pursue charges. *Billis*, 800 P.2d at 417.

After appellant's appeal and remand, the state was no longer under the same time constraints and was able to pursue a single re-trial on both the kidnapping and first-degree sexual assault charges. The state has rebutted the presumption of vindictive prosecution.

We find this situation similar to one commented upon by the Court of Appeals of Alaska, when it concluded that evidence surrounding the reinstatement of a defendant's original rape charge following the defendant's successful appeal did not support even a *prima facie* finding of prosecutorial vindictiveness. That court stated:

> Under these circumstances, the state's conduct is not retaliatory or vindictive in nature. Rather, the state, like the accused, seeks only to reassert its initial position. Hence no realistic likelihood of vindictiveness is indicated by the state's conduct.

*Morgan v. State,* 673 P.2d 897, 900 (Alaska App.1983). Under the circumstances of this case, we conclude, like the *Morgan* court, that the state's conduct is not retaliatory or vindictive in nature, and the state seeks only to reassert its initial position, which included the kidnapping charge.

## 2. Separation of Powers

Appellant asserts that separation of powers principles limit re-trial to the issues remanded following the appeal unless the state demonstrates that new evidence or intervening case law prompted its filing of additional charges.

We note first that appellant has provided no authority for this proposition. Appellant draws this conclusion from his argument that the right to appeal government conduct used to obtain a conviction is integral to the core judicial function of this court, and that right should not be infringed upon by prosecutorial conduct.

■ This argument presumes that the prosecutorial conduct in this instance has infringed upon appellant's right to appeal. However, as we discussed above, the state's decision to refile both the kidnapping and sexual assault charges on remand was not improper given the state's reasoning behind its decision. We find no violation of separation of powers principles.

## CONCLUSION

Appellant has presented no evidence of actual vindictiveness, and the state provided appropriate reasons justifying its decision to add the kidnapping charge on remand.

The decision of the district court is affirmed.