Wesley Edward CROZIER,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

The STATE of Wyoming,
Appellant (Plaintiff),

v.

Wesley Edward CROZIER,
Appellee (Defendant).

Nos. 93–39, 93–40.

Supreme Court of Wyoming.

Oct. 12, 1994.

Wyoming Public Defender Program, Leonard D. Munker, Wyoming State Public Defender, Deb Cornia, Appellate Counsel for Wyoming State Public Defender, and Tim Newcomb, Grant & Newcomb, for Crozier.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara Boyer, Sr. Asst. Atty. Gen., Dennis C. Cook, Sr. Asst. Atty. Gen., Georgia Tibbetts, Asst. Atty. Gen., and John D. Montgomery, Student Intern, for State of Wyo.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY and TAYLOR, JJ.

* Retired July 6, 1994.

THOMAS, Justice.

The issue to be resolved in this case arises out of the creative effort of Wesley Edward Crozier (Crozier) to parlay a rather mundane double jeopardy defense into a bar to any retrial by invoking the due process of law and the equal protection of the law clauses of the state and federal constitutions. Crozier was convicted of two counts charging the violation of Wyo.Stat. § 6-3-403(a)(i) (1988). The first count charged Crozier with possession and concealment of the stolen property on November 15, 1989, while the second count charged him with disposing of the identical stolen property on November 15, 1989. Crozier had previously been charged with disposing of the same stolen property on December 15, 1989, but that case was dismissed without prejudice after the jury was seated and the first witness was sworn when it became clear the wrong date had been charged, and Crozier had an alibi for December 15, 1989. After the jury in the second trial found Crozier guilty of both counts, the trial judge sentenced Crozier on Count I, later dismissing Count II. Crozier appeals, contending his rights were violated by the filing of an additional and subsequent charge after he had successfully exercised legally protected rights. The State of Wyoming (State) has prosecuted a cross-appeal from the dismissal of Count II. The judgment and sentence entered in the trial court are affirmed, and the dismissal of Count II is approved although better practice would be to dismiss such a charge prior to entry of the judgment and sentence. The cross-appeal taken by the State is dismissed because the State does not have statutory authority to appeal.

Crozier states the issues in this case in his Brief of the Appellant to be:

I. Did the government violate federal and state constitutional due process mandates by filing an additional and subsequent charge of "simultaneous possession and concealment of stolen property" only after the defendant successfully exercised legally protected rights?

II. Did the government violate federal and state constitutional equal protection mandates by filing an additional and subsequent charge of "simultaneous possession and concealment of stolen property" only after the defendant successfully exercised legally protected rights?

In its Brief of Appellee, the State defines the only issue in this way:

Whether the record supports a claim of either vindictive or selective prosecution?

As cross-appellant, the State articulates these issues in its brief:

I. Whether the trial court acted arbitrarily, without justification and without legal basis when it dismissed a charge upon which the jury had found the Defendant guilty.

II. Whether the Wyoming Supreme Court has jurisdiction to hear and decide a cross-appeal by the State in a criminal case.

Answering the State's appeal, Crozier filed a Brief of Cross–Appellee in which he defined the following issues:

1. Whether, under Wyoming law, the state may appeal an adverse ruling in a criminal case.

2. Whether Mr. Crozier's reprosecution on Count II violated the Double Jeopardy Clauses of the United States Constitution and the Wyoming Constitution.

3. Whether dismissal of the Information without prejudice violated Mr. Crozier's due process right to an alibi defense in violation of Article I, Section 6 of the Wyoming Constitution.

On December 30, 1991, Crozier was charged with one count of disposing of stolen property in violation of WYO.STAT. § 6–3–403(a)(i).[1] At the trial on May 12, 1992, defense counsel, in the course of the opening statement, told the jury that Crozier had an alibi for the date of the crime which was charged in the information as having occurred on December 15, 1989. After completion of opening statements and the administration of the oath to the first witness, the State recognized the information contained the wrong date for the charged offense. The crime actually had occurred on November 15, 1989.

Prior to eliciting testimony from the first witness, defense counsel requested an offer of proof from the State that Crozier had disposed of the stolen property on December 15, 1989. The trial court then conducted a hearing in chambers. At that time, the State conceded December 15, 1989 was an incorrect date, and it moved to amend the information to correct that error. The trial judge denied the motion to amend. Counsel for Crozier then moved for dismissal of the case with prejudice. The State responded by requesting the case be dismissed without prejudice. Invoking the concept of "manifest necessity," the court granted the motion of the State to dismiss without prejudice and then denied Crozier's motion to dismiss with prejudice. Subsequently, the State refiled charges against Crozier. The second information charged possession and concealment of the stolen property in violation of WYO. STAT. § 6–3–403(a)(i) in Count I. In Count II, the State charged Crozier with disposing of the identical stolen property, but on the correct date of November 15, 1989.

Crozier filed a motion to dismiss Count II, premised upon the protection against double jeopardy found in Article 1, § 11 of the Constitution of the State of Wyoming and the Fifth Amendment to the Constitution of the United States.[2] In pursuing this avenue,

---

1. WYO.STAT. § 6–3–403(a)(i) (1988) provides, in pertinent part:
    (a) A person who buys, receives, conceals or disposes of property which he knows, believes or has reasonable cause to believe was obtained in violation of law is guilty of:
    (i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the property is five hundred dollars ($500.00) or more * * *.

2. Article 1, Section 11 of the Constitution of the State of Wyoming provides, in pertinent part:

    [N]or shall any person be twice put in jeopardy for the same offense.
    The Fifth Amendment to the Constitution of the United States of America provides, in pertinent part:
    [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *.

Crozier contended the possession charge and the disposal charge both involved the same transaction and the same scheme or plan. The trial judge reserved his ruling on the motion until the evidence had been presented because the decision would depend upon the facts relating to that issue. At the close of the trial, the jury found Crozier guilty on both counts. Crozier was sentenced only on the charge of possession and concealment, and later the charge of disposing of the stolen property was dismissed. Crozier has appealed to this court from the judgment and sentence entered in the trial court, and the State has endeavored to cross-appeal from the dismissal of the charge of disposing of the stolen property.

Relying upon the proposition that he had previously been in jeopardy with respect to the charge of disposing of the stolen property, Crozier contends in this appeal that he exercised both his constitutional right of requiring the State to prove every element of the crime of disposing of stolen property and his right to the defense of alibi. Crozier argues that, when the trial court declared a mistrial and dismissed the case without prejudice, the State enhanced the potential penalty by refiling the charge of disposing of the stolen property and adding a charge of possession and concealment of the same property. Crozier asserts he wrongfully was required to face double charges and a punishment double to that with which he had been confronted before he exercised his legally protected rights. The thrust of his contention is that the actions of the State amounted to vindictive prosecution in violation of his right to due process protected by both the state and federal constitutions.[3] As an alternative contention, Crozier asserts he has been subjected to selective prosecution in violation of his equal protection rights articulated in the Constitution of the State of Wyoming and the Fourteenth Amendment to the Constitution of the United States.[4]

■ Crozier's arguments are intriguing, but not persuasive. The essence of vindictive prosecution is the "imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal * * *." *Blackledge v. Perry,* 417 U.S. 21, 25, 94 S.Ct. 2098, 2101, 40 L.Ed.2d 628 (1974) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). Vindictive prosecution is perceived to be violative of due process of law according to the Supreme Court of the United States and is inherently wrong because it tends to chill the assertion of the rights of an accused. The proscription of the rule against vindictive prosecution is not invoked if substantial evidence demonstrates the prosecutor acted in good faith and for independent reasons or due to intervening circumstances.

Those justifications can include discovery of new evidence or witnesses, a different approach by a new prosecutor, a wait for additional information necessary for preparation of the state's case, the threat of missing a statute of limitations, or the belief of the state that sufficient evidence exists to support a conviction for a new charge. We have adopted from the Tenth Circuit Court of Appeals this method for reviewing claims of vindictive prosecution:

**3.** Article 1, § 6 of the Constitution of the State of Wyoming provides:

No person shall be deprived of life, liberty or property without due process of law.
The Fifth Amendment to the Constitution of the United States of America provides, in pertinent part:
No person shall * * * be deprived of life, liberty, or property, without due process of law * * *.

**4.** The right to equal protection of the laws has been attached to several provisions of the Constitution of the State of Wyoming, including Article 1, §§ 2, 3, 4, 6, 7, 8, 11, 14 and 34; Article 2, § 1; Article 3, § 27; and Article 10, § 4, but, in this context, it is probably most clearly associated in an inherent sense with Article 1, § 2, which provides:

In their inherent right to life, liberty and the pursuit of happiness, all members of the human race are equal.
*See Cavanagh v. State,* 505 P.2d 311 (Wyo.1973).
Article 1, § 34 of the Constitution of the State of Wyoming which provides, "[a]ll laws of a general nature shall have a uniform operation," could also be invoked.
The Fourteenth Amendment to the Constitution of the United States provides, in pertinent part:
No State shall * * * deny to any person within its jurisdiction the equal protection of the laws.

A defendant has the burden of proof and must establish either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness. Thereafter, the burden shifts to the prosecution to justify its decision with legitimate, articulable, objective reasons. If the defendant does not meet his burden of proof, however, the district court need not reach the government justification issue.

*Whiteplume v. State*, 874 P.2d 893, 896 (Wyo. 1994) (quoting *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir.1991) (citations omitted)).

■ The prosecutor's interest in charging an additional offense for violations arising out of the same transaction, but which were not included when the initial charge was filed, must be balanced against the interest of an accused to be free from any chilling effect upon his exercise of rights. *United States v. Mulherin*, 529 F.Supp. 916 (S.D.Ga.1981), *aff'd*, 710 F.2d 731 (11th Cir.1983). In *Whiteplume*, 874 P.2d at 895, we said:

In analyzing claims of vindictive prosecution, we begin with the premise that charging decisions rest within the discretion of the prosecutor, *DeSpain v. State*, 865 P.2d 584, 591 (Wyo.1993); *Derksen v. State*, 845 P.2d 1383, 1388 (Wyo.1993), and a prosecutor is presumed to have acted in good faith and for reasons of sound governmental policy in filing criminal charges. *United States v. Saade*, 652 F.2d 1126, 1135 (1st Cir.1981); *see also Billis v. State*, 800 P.2d 401, 419–21 (Wyo.1990). "A charging decision is not improper unless it results solely from the defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution." *Phillips v. State*, 835 P.2d 1062, 1070 (Wyo.1992); *United States v. Goodwin*, 457 U.S. 368, 380 [n. 11], 102 S.Ct. 2485, 2492 n. 11, 73 L.Ed.2d 74, 84–85 (1982).

■ While a claim of vindictive prosecution can arise both in pre-trial and post-trial settings, the situation in which additional charges are levied after a trial is more suspect of improper motivation than is the addition of charges prior to a trial. When charges are increased after a trial court has declared a mistrial, the totality of the circumstances surrounding the enhanced charges is examined to determine whether there is a realistic likelihood that prosecutorial vindictiveness has been shown. *United States v. Doran*, 882 F.2d 1511 (10th Cir.1989).

■ As we have noted, the claim of vindictive prosecution must be rested upon an actual hazard of additional punishment. That is assumed in Crozier's argument, but it is not present in his case. While we have no direct holding involving the offenses of possession and concealment of stolen property and disposition of the same property, we have addressed a similar situation in connection with the possession with intent to distribute, and distribution of, controlled substances. *E.g., Jackson v. State*, 533 P.2d 1 (Wyo.1975); *Boyd v. State*, 528 P.2d 287 (Wyo.1974), *cert. denied*, 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 102 (1975); *Jackson v. State*, 522 P.2d 1356 (Wyo.1974), *cert. denied*, 419 U.S. 1055, 95 S.Ct. 637, 42 L.Ed.2d 652 (1974); *Dorador v. State*, 520 P.2d 230 (Wyo. 1974). In those instances, we held there could not be two punishments for the distribution and for the possession of the same controlled substance. *Jerskey v. State*, 546 P.2d 173 (Wyo.1976). While it is permissible to charge separately and to submit those separate offenses to the jury, if the jury returns a finding of guilty on both, they then merge for purposes of punishment. That would have been true in Crozier's case, except for the fact that he had previously been in jeopardy on the charge of disposing of the same property and, consequently, he could neither be convicted of, nor sentenced for, that crime.

Because, in fact, "the ante was not upped," it is not material whether there is any evidence of actual vindictiveness nor whether there was a realistic likelihood that the prosecutor acted with a retaliatory motive. We do note, however, that a new prosecutor took over the case after a conflict was discovered with respect to the original prosecutor and the defendant; a new approach to charging was applied resting within the new prosecutor's discretion; the charge of disposing of the stolen property had been dismissed in

the prior case; and there certainly was a possibility, even a probability, that the charge of disposing of the stolen property was inappropriate in the second case because jeopardy had attached in the first trial.

In order to cover all possibilities, the new prosecutor wisely charged both concealment and possession in disposition in the second information.[5] We recognize that the trial judge dismissed the prior case without prejudice in accordance with WYO.STAT. § 7–1–205 (1987) which provides, in pertinent part:

> (a) If a jury is discharged for any of the following reasons before reaching a verdict, the discharge shall be without prejudice to the prosecution:

> \* \* \* \* \* \*

> (iii) Dismissal of the proceeding due to a failure of the complaint, information or indictment to properly charge the offense.

We cannot read this statute, however, as abrogating the concept of double jeopardy and, certainly, the charge was correctly stated in the prior complaint, although the date was erroneous.

While the trial court should have dismissed the second count of the new complaint prior to the imposition of sentence, we can find no reversible error in this regard. Crozier was sentenced on only Count I, charging possession and concealment of stolen property. Were it not for the application of the doctrine of prior jeopardy, the conviction for disposition of the stolen property would be valid, but there still would be no enhanced punishment. The record does not state the trial court's reason for dismissing the charge of disposing of stolen property after the jury returned a verdict of guilty, but we assume it must have been because the court concluded the doctrine of double jeopardy applied.

Crozier also contends he has been the victim of selective prosecution in this instance. Selective prosecution pertains when an accused is prosecuted based on some personal characteristic such as race or religion; for the exercise of a constitutional right; or in response to something the accused has done in society prior to the filing of the charges, especially when others are not prosecuted for similar conduct. The Supreme Court of the United States has held the equal protection clause of the Constitution of the United States prohibits selective prosecution. *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). Equal protection is demanded of the states by virtue of the Fourteenth Amendment to the Constitution of the United States.

The elements of a selective prosecution defense encompass the demonstration that others similarly situated have not been prosecuted and the prosecution is based on an impermissible motive. *United States v. Aguilar*, 883 F.2d 662 (9th Cir.1989), *cert. denied*, 498 U.S. 1046, 111 S.Ct. 751, 112 L.Ed.2d 771 (1991). The impermissible motivation must be demonstrated by showing that the charge was deliberately based on an unjustifiable standard or designed to inhibit the exercise of a constitutional right by the accused. The accused may demonstrate the prosecutor was biased or desired to punish him for exercising his protected right. What we have said with respect to vindictive prosecution addresses the claims of improper motive with respect to selective prosecution. Furthermore, Crozier presented no evidence that others similarly situated were not prosecuted. While we have said the Wyoming Constitution in the arena of equal protection rights protects people "more robustly than does the federal constitution \* \* \*" (*Johnson v. State Hearing Examiner's Office*, 838 P.2d 158, 165 (Wyo.1992)), we cannot con-

---

**5.** As we said in *McInturff v. State*, 808 P.2d 190, 193 (Wyo.1991) (emphasis in original):

> W.S. 6–3–403(a)(i) offers alternate definitions of, or means of satisfying, the offense of wrongful taking or disposing of property. The statute is violated by an act of receipt *or* concealment *or* disposal of stolen property accompanied by the requisite knowledge. Each such act that is a distinct transaction, complete in itself, may be charged as a separate offense.

The trial court properly dismissed the disposal conviction. Since the record does not state the reason, we conjecture the dismissal was based on double jeopardy grounds. If double jeopardy had not been an issue in this case, the prosecution could have charged and tried both the disposal and possession offenses but the two convictions would merge for purposes of sentencing. *Cf. Jerskey v. State*, 546 P.2d 173 (Wyo.1976).

clude there was any violation of Crozier's equal protection rights.

■ Finally, we address the effort of the State to cross-appeal. We conclude the State cannot do indirectly what it is foreclosed from doing directly. We have said:

> [T]he state in this appeal has not purported to have acted under the provisions of the mentioned sections [predecessor to the current Wyoming bill of exceptions] but has brought a direct appeal and insists that the order of the trial court dismissing the defendant should be reversed and the cause remanded. This view is incorrect for, as pointed out in *State v. Ginther,* 53 Wyo. 17, 77 P.2d 803, 807 [1938] "the prosecution in a criminal case in this state is given by statute no method of review of adverse rulings except through the medium indicated in the four above cited sections [the Wyoming bill of exceptions applicable at that time], with the limitations there imposed."

> The state might here have elected to proceed under the mentioned sections to secure the limited rulings which these permit. This was not done, and the appeal must be dismissed.

*State v. Benales,* 365 P.2d 811, 812 (Wyo. 1961).

We have identified the correct procedure for review of a ruling adverse to the State as follows:

> A bill of exceptions is the exclusive means for the prosecution to seek review of an adverse ruling made during the trial. *State v. Heberling,* Wyo., 553 P.2d 1043 (1976); *State v. Benales,* Wyo., 365 P.2d 811 (1961); *State v. Ginther,* 53 Wyo. 17, 77 P.2d 803 (1938); *State ex rel. Gibson v. Cornwell,* 14 Wyo. 526, 85 P. 977 (1906). It is now a statutory proceeding, and the

statutory requirements must be met. *State v. Ginther,* supra, and *State ex rel. Gibson v. Cornwell,* supra.

\*   \*   \*   \*   \*   \*

All cases arising from bills of exceptions filed by the prosecution in criminal cases are moot from the standpoint of the defendants in such cases. They are not moot with respect to the determination of the specified issues in future cases.

*State v. Selig,* 635 P.2d 786, 788–789 (Wyo. 1981).

The legislative authority for the use of a bill of exceptions is articulated in Wyo.Stat. §§ 7–12–102 to –104 (1987).[6] In order for the State to appeal an adverse ruling in a criminal case, there must be specific legislative authorization. The legislature has not authorized the State to appeal in a criminal case, and we conclude a cross-appeal is in effect the same as an appeal. The cross-appeal by the State challenging the dismissal of Count II must be dismissed.

In summary, we hold Crozier failed to establish either vindictive or selective prosecution by the State. The cross-appeal by the State of Wyoming is dismissed. The judgment and sentence entered in the trial court and its order dismissing Count II of the information are affirmed.

MACY, J., files an opinion concurring in part and dissenting in part.

MACY, Justice, concurring in part and dissenting in part.

I agree with the majority's conclusion that Crozier was not a victim of vindictive or selective prosecution. I do not agree with the majority's analysis or conclusion regarding the double jeopardy issue, and I, there-

6. Wyo.Stat. § 7–12–102 (1987) provides:

> The district attorney may take exceptions to any opinion or decision of the court made during the prosecution of a criminal case. Before being filed in the supreme court, the bill of exceptions shall be presented to the trial court which shall certify whether the contents of the bill are correct. If certified, the trial court shall sign the bill containing the exceptions and affix the seal of the court and the bill shall be made part of the record. The bill of excep-

> tions shall be governed by rules as shall be promulgated by the Wyoming supreme court. Wyo.Stat. § 7–12–104(b) (1987) provides:

> The decision of the supreme court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may afterwards arise in the state, but shall not reverse nor in any manner affect the judgment of the court in the case in which the bill of exceptions was taken.

fore, dissent from that portion of the majority opinion.

I believe that the majority applied an incorrect analytical approach in reaching the double jeopardy issue. After the majority had dismissed the State's cross-appeal, the only issues properly before this Court were those raised by Crozier in his direct appeal—the vindictive and selective prosecution claims. The parties did not fully brief or argue the double jeopardy issue. When the Court decided that it was going to reach the double jeopardy issue, it should have requested supplemental briefing from both parties.

I am not convinced that Crozier's constitutional rights were violated when he was tried for the second time on the disposal count. Absent prosecutorial or judicial bad faith or overreaching, double jeopardy does not prohibit reprosecution after a trial ends in a mistrial when the defendant requests the mistrial or acquiesces to it. *See Peterson v. State,* 586 P.2d 144, 148 (Wyo.1978), *overruled on other grounds, Crozier v. State,* 723 P.2d 42, 56 (Wyo.1986); and *Nowack v. State,* 774 P.2d 561, 566 n. 6 (Wyo.1989) (quoting *Garrett v. United States,* 471 U.S. 773, 796, 105 S.Ct. 2407, 2420, 85 L.Ed.2d 764 (1985) (O'Connor, J., concurring)). Even when the defendant objects to the mistrial, he may be retried if "manifest necessity" warrants the mistrial decision. *Oregon v. Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982); *Peterson,* 586 P.2d at 148.

In this case, a question certainly exists with regard to whether Crozier acquiesced to the trial court's decision to dismiss the first case without prejudice. Although he sought a dismissal with prejudice, he did not request that the first trial continue when the district court decided to dismiss without prejudice.

Even if Crozier did not acquiesce, a question remains as to whether manifest necessity required the dismissal. The trial judge made a specific finding that manifest necessity existed for the dismissal. The determination of whether manifest necessity exists generally rests within the sound discretion of the trial judge. *Peterson,* 586 P.2d at 148. The sole problem in the first trial was that the information charged the wrong date for the commission of the crime. Crozier was aware of the mistake before trial but "set up" the double jeopardy problem by failing to notify the prosecutor or the trial judge before the jury was sworn and opening arguments were presented. In his opening statement, Crozier chose to base his entire defense on the fact that he had an "alibi" for the date charged.

Supplemental briefing was necessary in order for this Court to make informed decisions as to whether Crozier acquiesced to the dismissal without prejudice and whether manifest necessity supported the district court's decision to declare a mistrial.