2002 WY 137

Charles RODIACK, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

John Rodiack, Appellant (Defendant),

v.

The State of Wyoming, Appellee
(Plaintiff).

Nos. 01–114, 01–115.

Supreme Court of Wyoming.

Sept. 23, 2002.

Mike Cornia, Evanston, Wyoming, Representing Appellants.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker, Senior Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] John Rodiack and Charles Rodiack (appellants), father and son, appeal their convictions for felony interference with a peace officer. They claim that their right to a speedy trial was violated and they raise several evidentiary issues. We conclude that the violation of W.R.Cr.P. 48 requires reversal, and we remand to the district court for entry of an order of dismissal without prejudice.

## ISSUES

1. Does the violation of W.R.Cr.P. 48(b) require reversal of the appellants' convictions?

2. Was it error in a joint trial to admit one appellant's out-of-court statements?

3. Was the jury properly instructed on the law?

4. Was it error not to allow evidence to rebut Officer Davies' direct testimony and evidence as to his violent nature?

5. Was it error to allow evidence of uncharged misconduct as to John Rodiack?

6. Was there sufficient evidence to support the convictions?

## FACTS

[¶ 2] On the evening of November 24, 1999, Officers Adam Davies (Davies) and Tim Robinson (Robinson) of the Rock Springs Police Department entered the Bomber's Sports Bar to perform a bar check. The

*Chief Justice at time of expedited conference.*

appellants were present in the bar. While the officers spoke to the bartender, Charles Rodiack approached Davies. The officers' version and the appellants' version of what followed differ considerably. Given our disposition of this case, the detailed facts of the fracas are not too significant. Suffice it to say that a conversation between Charles Rodiack and Davies about Davies' earlier arrest of Charles Rodiack's girlfriend, Toni Beard, ended up in a full-scale brawl involving Charles Rodiack, John Rodiack, Davies and Robinson. John Rodiack and Charles Rodiack were both arrested and charged with felony interference with a police officer, and both were convicted in a joint jury trial.

## DISCUSSION

### SPEEDY TRIAL

[¶ 3] A criminal defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution. However, before embarking on a constitutional analysis, we first review claims of a speedy trial violation under W.R.Cr.P. 48(b). *Hauck v. State*, 2001 WY 119, ¶ 12, 36 P.3d 597, 600 (Wyo.2001). Relevant to the current inquiry are five provisions of W.R.Cr.P. 48(b):

(2) A criminal charge shall be brought to trial within 120 days following arraignment unless continued as provided in this rule.

* * *

(4) Continuances not to exceed six months from the date of arraignment may be granted by the trial court as follows:

(A) On motion of defendant supported by affidavit; or

(B) On motion of the attorney for the state or the court if:

(i) The defendant expressly consents;

(ii) The state's evidence is unavailable and the prosecution has exercised due diligence; or

(iii) Required in the due administration of justice and the defendant will not be substantially prejudiced; and

(C) If a continuance is proposed by the state or the court, the defendant shall be notified. If the defendant objects, the defendant must show in writing how the delay may prejudice the defense.

(5) Any request to continue a trial to a date more than six months from the date of arraignment must be directed to the court to which appeals from the trial would be taken and may be granted by that court in accordance with paragraph (4).

(6) Any criminal case not tried or continued as provided in this rule shall be dismissed 120 days after arraignment.

* * *

(8) A dismissal for lack of a speedy trial under this rule shall not bar the state from again prosecuting the defendant for the same offense unless the defendant made a written demand for a speedy trial or can demonstrate prejudice from the delay.[1]

[¶ 4] For the most part, application of W.R.Cr.P. 48(b) is a simple matter of arithmetic. The rule was designed so that, at the outset of the case, the district court would set a trial date within 120 days of the arraignment. If necessary during that 120-day period, the district court could continue the trial to a later date within the six-month limit. When the 120th day arrived, if the trial had not been held or continued pursuant to the rule, the case was to be dismissed. If, for some reason, the trial could not be reset to a date within the six-month limit, the district court had to apply to this Court for approval to hold the trial beyond that limit.

[¶ 5] There does not appear to have been much of an attempt in the instant case to meet the requirements of W.R.Cr.P. 48(b). John Rodiack and Charles Rodiack were arraigned in the district court on May 8, 2000. The rule required the trial to take place or be continued as provided in the rule within 120 days of the date of arraignment, which was September 5, 2000. The rule also pro-

---

1. W.R.Cr.P. 48(b) was amended in 2001, with "180 days" substituted for "120 days" throughout, and allowing trial courts to grant continu-
ances beyond 180 days. The present case is being decided under the version of the rule previously in effect.

vided that the district court could continue the trial for up to six months from the date of arraignment, but once again, only as provided in the rule. That date was November 4, 2000. What actually happened was that on July 14, 2000, sixty-seven days after arraignment, the district court signed an order setting a scheduling conference for August 2, 2000. On August 30, 2000, the district court filed another order setting the joint trial for October 17, 2000. That joint trial date was forty-two days beyond the 120–day setting limit and there had been no continuances granted as provided by the rule. These cases should have been dismissed on September 5, 2000. Instead, the joint trial was held on November 13, 2000.

[¶ 6] It is true that, on August 3, 2000, the day after the scheduling conference, John Rodiack and Charles Rodiack each signed a Waiver of Speedy Trial specifically referencing the rule's 120–day limit. Perhaps those waivers were meant to be the equivalent of a motion for continuance by the appellants under W.R.Cr.P. 48(b)(4)(A), or the equivalent of a consent to a similar motion by the State under W.R.Cr.P. 48(b)(4)(B)(i). We cannot tell from the records, which contain neither a setting within the 120–day limit nor a motion for a continuance beyond the 120–day limit.

[¶ 7] If this was the only speedy trial problem, there might be a stronger argument for the proposition that such a technical violation does not warrant reversal and dismissal. But the joint trial was not held on its assigned date of October 17, 2000. During a motion hearing on August 25, 2000, it came to the attention of the district court and counsel that the joint trial might take more than the allotted three days. After the district court and counsel evaluated their calendars, the joint trial was reset for November 13, 2000, which is the date it was eventually held. That date was beyond six months from the date of arraignment.

[¶ 8] The district court and counsel were aware of, but not too concerned with, the six-month deadline contained in W.R.Cr.P. 48(b)(5). The following exchange took place during the August 25, 2000, motion hearing:

THE COURT: [Defense Counsel], when is the next date you'll be available to try this case if it can't be tried on October 17?

[DEFENSE COUNSEL]: It would have to be in November, your Honor. And I think we have problems with the six month thing if we do that. I'm not certain.

THE COURT: I don't have a problem with it.

[DEFENSE COUNSEL]: I don't either. We can go to November.

[¶ 9] Following this discussion, the district court addressed both John Rodiack and Charles Rodiack on the record, explained to them their right to a speedy trial, and determined that neither of them was opposed to the November trial date. The State does not, however, argue that the appellants' waivers of their right to a speedy trial negated this clear violation of W.R.Cr.P. 48(b). Instead, the State concedes the violation. This concession is understandable, given our previous holdings that the provisions of W.R.Cr.P. 48(b) are mandatory. *Detheridge v. State*, 963 P.2d 233, 235 (Wyo.1998); *Yung v. State*, 906 P.2d 1028, 1032 (Wyo.1995); *McDermott v. State*, 897 P.2d 1295, 1299 (Wyo.1995).

[¶ 10] These violations of both the 120–day limit and the six-month limit of W.R.Cr.P. 48(b) require reversal of the appellants' convictions. Consequently, no separate constitutional analysis is necessary on this primary issue. The remaining question, however, is whether the appellants may be retried. W.R.Cr.P. 48(b)(8) allows retrial unless a "defendant made a written demand for a speedy trial or can demonstrate prejudice from the delay." W.R.Cr.P. 48(b)(8). Since neither John Rodiack nor Charles Rodiack filed a written demand for a speedy trial, the only issue is whether they were prejudiced by the delay.

[¶ 11] The burden of proving prejudicial delay in a speedy trial argument lies with the appellant. *Almada v. State*, 994 P.2d 299, 305 (Wyo.1999). For some reason, rather than presenting evidence of such prejudice, the appellants here simply aver that "the only permissible remedy is dismissal with prejudice." This, of course, flies in the

face of W.R.Cr.P. 48(b)(8), which provides that violation of the rule does not automatically bar retrial. In urging us to remand for dismissal without prejudice, the State directs us to the four-part test articulated by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), that we have previously adopted for the consideration of speedy trial issues under the constitution: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *See Sides v. State*, 963 P.2d 227, 229 (Wyo.1998). The ultimate question is "whether the delay in bringing the accused to trial was unreasonable, that is, whether it substantially impaired the right of the accused to a fair trial." *Wehr v. State*, 841 P.2d 104, 112 (Wyo.1992).

[¶ 12]   John Rodiack and Charles Rodiack went to trial 189 days after they were arraigned. The length of the delay was sixty-nine days after the 120–day limit and only nine days after the six-month limit. Although no motions were filed and the records are not perfectly clear on the matter, it appears that the delay resulted only from the coordination of the district court's and counsels' calendars. Neither appellant ever asserted his right to a speedy trial and neither appellant has shown any prejudice by the delay. There was nothing about the delay that affected the trial's fairness. Thus, dismissal of these charges should be without prejudice.

**OTHER ISSUES**

[¶ 13]   Since these cases are being reversed on the speedy trial issue, we need not consider whether the other issues raised by the appellants require reversal. The prospect of a retrial, on the other hand, prompts us to make the following comments in regard to two of those issues, in an effort to avoid error in a retrial:

1.   An out-of-court statement by one defendant may not be hearsay as to him, but in a joint trial, care must be taken in admitting such evidence because the statement may be hearsay as to the other defendant. W.R.E. 801(d)(2)(A) and 802.

2.   The crime of misdemeanor interference with a peace officer may be a lesser-included offense to the crime of felony interference with a peace officer. *Mueller v. State*, 2001 WY 134, ¶¶ 8–17, 36 P.3d 1151, 1155–58 (Wyo.2001).

[¶ 14]   We decline to address the other issues presented. They are fact-dependent issues involving the admissibility of evidence and, not knowing the circumstances under which they may or may not again arise, it would not be appropriate for this Court to attempt to guide the discretionary decision of the district court.

**CONCLUSION**

[¶ 15]   Both the 120–day and the six-month limits of W.R.Cr.P. 48(b) were violated in these related cases. Trial was not set within 120 days of arraignment, no motions for continuance beyond 120 days were made as provided by the rule, and the district court did not seek approval from this Court to set the joint trial beyond six months from the date of arraignment. The appellants did not, however, make demand for a speedy trial nor have they shown prejudice by the delay.

[¶ 16]   We reverse and remand to the district court for entry of an order of dismissal without prejudice.