# IN THE SUPREME COURT, STATE OF WYOMING

# 2016 WY 127

### OCTOBER TERM, A.D. 2016

### December 28, 2016

GABRIEL ELIAJAH MONTOYA,

Appellant
(Defendant),

v.

S-16-0130

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Joshua C. Eames, Assistant Attorney General; Darrell D. Jackson, Faculty Director, and Kevin T. Farrelly, Student Director, Prosecution Assistance Program, University of Wyoming, College of Law.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]   After his first jury trial ended in a mistrial, a second jury found Gabriel Eliajah Montoya guilty of felony stalking.  Mr. Montoya appeals his conviction, claiming his second trial violated his right against double jeopardy because the prosecutor provoked him into moving for a mistrial.  We affirm.

## ISSUE

[¶2]   We rephrase the issue as follows: Were Mr. Montoya's rights against double jeopardy violated when he was tried again after his first trial ended in a mistrial?

## FACTS

[¶3]   Mr. Montoya was charged by Information with felony stalking in violation of Wyo. Stat. Ann. § 6-2-506(e)(iv) (LexisNexis 2015).  His case proceeded to trial and was submitted to the jury.  After jury deliberations began, but before a decision was reached, the jury submitted a question to the court: "We have State's Exhibit 1 and 2, but we also have [the victim's] Petition for Stalking Protection Order with [the victim's] written reason for getting the Petition for Stalking Protection Order.  Were we supposed to have [the victim's] written reasoning for getting the protection order?"

[¶4]   The district court notified the parties of the jury's question and stated:

> My strong suspicion is that this document got mixed in with other documents; namely Exhibit 1, which the jury returned to me along with this document, when [the State's attorney] handed Mr. Montoya documents as he testified at the witness stand, and then they were given to the jury as they went into deliberations.  Of course, not at all imputing ill intent to the State, but it would seem to be that this is a substantive concern.

The district court then invited defense counsel to make a motion.  Counsel for Mr. Montoya moved for a mistrial, stating "I don't believe it was intentional or ill will, but it has made it to the jury.  There's no limiting instruction that can unring this bell."  The State did not object to the motion and stated:

> I do apologize to the Court.  It was delivered to the witness stand when Mr. Montoya testified, and my intention was for him to identify it and acknowledge that he received it and knew about it.  But there wasn't supposed to be any testimony about it.  It inadvertently must have been taken off the witness stand with Exhibit 1.

The district court granted Mr. Montoya's motion for mistrial and scheduled a second jury trial.

[¶5]    Prior to the second jury trial, Mr. Montoya filed a Motion to Dismiss, claiming his right to a fair trial would be violated by a second trial because the witnesses were tainted when they remained in the courtroom after they testified in the first trial. Mr. Montoya did not raise any issues related to double jeopardy. The district court denied the motion and a jury found Mr. Montoya guilty of felony stalking. Mr. Montoya was sentenced to incarceration for a period of not less than three years nor more than five years. The court suspended the terms of confinement on the condition that Mr. Montoya successfully complete five years of probation. Mr. Montoya timely filed his notice of appeal.

## STANDARD OF REVIEW

[¶6]    We review alleged violations of constitutional rights de novo. *Webster v. State*, 2016 WY 76, ¶ 8, 376 P.3d 488, 491 (Wyo. 2016). In *State v. Newman*, 2004 WY 41, 88 P.3d 445 (Wyo. 2004), we held that once a mistrial is declared and the State re-files the charges, the defendant is "entitled to raise the bar of double jeopardy by presenting evidence that the prosecution intended to goad him into moving for a mistrial the first time around." *Id.* at ¶ 22, 88 P.3d at 453. Mr. Montoya did not file a motion to dismiss raising the double jeopardy issue when the second trial was scheduled, and our review is limited to a search for plain error. *Bowlsby v. State*, 2013 WY 72, ¶ 6, 302 P.3d 913, 915 (Wyo. 2013). "[T]he appellant must prove (1) the record clearly reflects the alleged error; (2) the existence of a clear and unequivocal rule of law; (3) a clear and obvious transgression of that rule of law; and (4) the error adversely affected a substantial right resulting in material prejudice to him." *Id.* "Under the plain error standard of review, we reverse a district court's decision only if it is so plainly erroneous that the judge should have noticed and corrected the mistake even though the parties failed to raise the issue." *Young v. State*, 2016 WY 70, ¶ 14, 375 P.3d 792, 796 (Wyo. 2016) (quoting *Masias v. State*, 2010 WY 81, ¶ 20, 233 P.3d 944, 950 (Wyo. 2010)).

## DISCUSSION

### *Were Mr. Montoya's rights against double jeopardy violated when he was tried again after his first trial ended in a mistrial?*

[¶7]    Mr. Montoya asserts that subjecting him to a second trial for the same criminal offense violated the double jeopardy protections of the Fifth Amendment.[1] The United States and Wyoming constitutions guarantee that a person will not be placed twice in jeopardy of prosecution, conviction, or punishment for the same criminal offense. U.S. Const. amend. V; Wyo. Const. art. 1, § 11. Although language of the two provisions

---

[1] Mr. Montoya makes cursory references to a Sixth Amendment right to a fair trial, but fails to present a cogent argument; therefore we will not consider it. *Ortiz v. State*, 2014 WY 60, ¶ 57, 326 P.3d 883, 896 (Wyo. 2014) (This Court will not address arguments that lack any cogent argument or citation to relevant authority) (citation omitted).

differs, "they have the same meaning and are co-extensive in application." *Derrera v. State*, 2014 WY 77, ¶ 23, 327 P.3d 107, 113 (Wyo. 2014) (quoting *Landeroz v. State*, 2011 WY 168, ¶ 17, 267 P.3d 1075, 1080 (Wyo. 2011)). The provisions of both constitutions provide an accused three protections: "1) protection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense after a conviction; and 3) protection against multiple punishments for the same offense." *Id.* (quoting *Landeroz*, 2011 WY 168, ¶ 17, 267 P.3d at 1080). "For double jeopardy to bar re-trial in a case where the district court grants a defense motion for a mistrial based upon prosecutorial misconduct, the defense must show prosecutorial intent to goad the defense into moving for a mistrial." *Newman*, 2004 WY 41, ¶ 21, 88 P.3d at 452-53 (citing *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982)).

[¶8]     Mr. Montoya contends that he had no other option but to request a mistrial in the first trial and that the prosecutor forced him into that position by providing the objectionable material to the jury. He argues that the prosecutor was the only one who had control over the document, and the prosecutor's actions should not be excused because of simple negligence or mistake. That argument misconstrues the standard to establish a double jeopardy violation. "Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Oregon v. Kennedy,* 456 U.S. 667, 675-76, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982). *See also United States v. Powell*, 982 F.2d 1422, 1429 (10th Cir. 1992) ("Carelessness or mistake on the part of the prosecution . . . is not sufficient to bar retrial under the Double Jeopardy Clause.").

[¶9]     In *United States v. Tafoya*, 557 F.3d 1121 (10th Cir. 2009), the district court issued limiting instructions in an attempt to avoid unfair prejudice and confusion on certain issues. *Id.* at 1123. During the trial, "counsel for the Government elicited inadmissible testimony from a witness" in violation of the order and the district court granted the defendant's motion for a mistrial. *Id.* at 1124. The defendant filed a motion to dismiss, claiming a retrial would violate the double jeopardy clause. *Id.* At a hearing on the motion, the prosecutor conceded his question that brought forth the inadmissible testimony was "an inartful question," that he "shouldn't have asked that question," and that he "did not do a good job" of conveying the testimony limitations to the witnesses. *Id.* at 1125. The district court determined that while the prosecutor's conduct was perhaps negligent, it was not his "intent to goad the defendant into moving for a mistrial." *Id.* On appeal, the Tenth Circuit Court of Appeals upheld the district court's findings, stating the "district court did not err in holding that there was no intent to manipulate [defendant] into moving for a mistrial, and this case does not fall into the 'goading' exception as set forth in *Kennedy*, 456 U.S. at 673-77, 102 S.Ct. at 2083." *Id.* at 1127.

[¶10]   The record in this case is devoid of any evidence indicating prosecutorial intent to goad the defense into moving for a mistrial.  Absent any showing of intent in the record, and particularly in light of defense counsel's contemporaneous agreement with the district court's assessment, Mr. Montoya's rights against double jeopardy were not violated.  We find no plain error in the second prosecution.  Affirmed.